Gale v. Warden Monmouth County Correctional Institution Gale v. Warden Monmouth County Correctional Institution Okay, Ms. Rabinowitz? Hold on, I'm just going to get this up. I was going to say good morning, but I think it may be afternoon already. Anyway. May it please the Court, my name is Judy Rabinowitz. No, it's only 1130. Good morning, Your Honors. May it please the Court, my name is Judy Rabinowitz, and I represent the appellants in this case. I'm going to go straight to the Court's questions about mootness in jurisdictions, since obviously we need to resolve those before we get anywhere else. So let me start by saying this case was brought as a class action more than three years ago, and at the same time the plaintiffs filed a motion for class certification. The case was brought to challenge the government's policy of mandatorily detaining immigrants pending their removal proceedings, often for lengthy periods of time, even when those individuals had substantial challenges to removal, which they often win. Now at the time that the case was brought, the three main plaintiffs were all mandatorily detained in New Jersey prisons pursuant to the government's policy. Since that time, they've been released. So that's the question as to whether this case is moot. In terms of their two of the individuals, two of the plaintiffs, won their cases. One had been detained for one year, another had been detained for two years, but they won their cases. Those cases are over. The third plaintiff, Garfield Gale, is still in removal proceedings. He has a hearing scheduled for February 29th, but it is most likely going to be rescheduled for May because he has some pending unresolved new criminal charges. So in terms of the mootness issue, and I apologize for the fact that we did not submit a status update to the court about Garfield Gale. Until last night, my understanding was that these pending charges had been dismissed. And, in fact, what's happened is that it will in all likelihood be dismissed. It's a heavy larceny charge. It's been adjourned in contemplation of dismissal. His lawyer is pretty certain that when he returns to criminal court on April 28th, it will be dismissed and that will be it. What's the effect, then, of the personal claims of the three? Well, that's the thing. If it were to be- And the certification motion had been filed, it had been denied. Yes. The certification motion was denied, right. If this would have no- In terms of- What I would have told you before this, if we put aside this little glitch around Mr. Gale, I would have said that personal claims of all the three plaintiffs, they no longer have personal claims. But they do have claims for their motion for class certification because there's special rules about mootness that apply to class certification. And there's a recognized exception under Garrity and the court's decision in Lassardi that as long as you have a live claim at the time your motion for class certification is filed, then you still have a stake in the class certification decision. And so, therefore, this court has jurisdiction to decide the class certification issue. Let's focus on the district court's jurisdiction because does Lassardi really go as far as saying that you have jurisdiction to see through the class certification decision or the class certification motion that has been pending? The class certification motion that has been pending. So, don't- Is there, then, a more fundamental problem because between the filing of the first and the filing of the second motion for class certification, all three of these main plaintiffs lost their personal interest. I think that the- I understand your question, Your Honor. I think the issue is whether you look at this as one motion or if you look at it as different motions. So, how do we distinguish in Lassardi where there had been a motion for class certification, it was granted, the class was decertified, plaintiffs settled, and then when they seek to file their next motion for class certification, we said that they no longer had the interest that was necessary even under Garrity to be able to proceed. Right. But I think the distinction, Your Honor, is that their class certification motion was denied. In fact, it was denied twice, or it was decertified, and they had a chance to appeal that. Here, there is no denial of the class certification motion. The judge continually, you know, sort of repeatedly terminated it and said, you know, refile that motion. I thought the disposition was denied without prejudice. The first motion was denied without prejudice. The second was terminated with instructions to refile along the line. I guess I would have to look at- I never saw the language denied. I think it was terminated without prejudice. My understanding was I had to take it off the calendar. I'm glad to look at the decision, but that's my understanding. Should we be bound by technicalities of language, or should we look at the overall effect? Well, obviously, I'd rather you look at the overall effect if the technicalities are going to prevent us from having a live case, but I actually do think this is very distinguishable from the party, and I want to just quote some language in the party. Of course, it depends on whether you view this as a denial, but there was never a denial, an appealable denial of class cert. I mean, the district court wanted her off the calendar, and she just said, I'm going to give you time to do discovery, and then she said, redefine the class, and, you know, let me just read you some of the decisions. Basically, it was a decision on the government's motion to dismiss, and at the end she said she refers to the pending- you know, there's a pending motion for class certification, and she says plaintiffs may refile that motion. So, to us, it always seemed like it was that same motion. It was not a new motion. It was the same motion. She never denied it. The language in the party that I would point you to, it says there was a decision on the merits of class cert not once, but twice. No motion to certify was pending at the time plaintiffs' claims were settled. The district court simply refused to determine the class cert issue anew for the third time, and then it says any authority for- anyway, the name plaintiffs may not operate once class certification has been denied and the time for appeal has lapsed. There was no denial here of class certification. The first denial came in her order of January 2015. That was the first time that we could appeal it. I think you'll find on the record that's not the case. Whatever she said in the transcript, her actual order was a denial without prejudice pending further discovery. So, why isn't this quite similar in having many months intervening between the conclusion of that first motion and the filing of the second where there is no name plaintiff that has personal interest and no pending motion for class certification? Your Honor, if this motion was denied, then you're right. I mean, it's just we look at this as one motion, so it may be that you're right. I mean, I have to look at the order that you're referring to. When and what date was that order issued? May 10, 2013. Well, let's explore that. It's something that we're certainly going to put to your adversary as well. Let's say that the district court had recognized at that point that there was no live case and there was no pending motion for class certification. At that point, Garrity says that the plaintiffs who had a live interest at the time that the motion for class certification is filed can proceed to prosecute that and have sufficient interest to pursue an appeal. Had they appealed at that point to our court, would we have had sufficient reasoning or any meaningful decision by the district court on a denial without prejudice pending further discovery for our court to be in a position to meaningfully provide appellate review? Because this is different from Lustrati, and we do need to figure out what the law should be in terms of how long that personal interest recognized by Garrity and what the circumstances are that persist so that there even can be meaningful appellate review. Yeah, I mean, oh, I think that there could have been meaningful. You're saying could there have been meaningful appellate review at that point in the terms of whether they had a sufficiently live interest? No, a district court decision. If a district court didn't address any of the merits of the class certification claim, but then again, she didn't address any of the merits of her last decision either. I mean, this judge was not particularly interested in the class certification and she basically wanted us to do more discovery. She could have decided, and there was certainly ample briefing of the class certification at that point, and she could have decided class certification at that time, and that's what we frankly expected was going to happen. May 10, 2013 was when she made that decision. Yes, I understand. I'm reading it now in the docket. Was that in appealable order? Would we have had, in her decision, her reasoning, would we have had an appropriate, would we have had an adequate basis for review? But a four or five award is without prejudice, right? Right. I don't know how to answer your question. I guess I would request an opportunity to brief it more because, frankly, this is something that I just was, you know, unprepared on. I mean, I really had seen it as being terminated in the docket. I read it in the docket now. I see it says. The order states, without prejudice pending an expanded record. So the judge seems to have anticipated that there was going to be a further decision down the road. Is that right? That's correct. Pending further discovery and an expanded record? That's correct, and that's what we did. It seems like the judge left the final decision with respect to certification for another day. Basically, kick the can down the road. We'll deal with it later. That's how we view it, Your Honor. So I don't know the significance of saying here it was denied without prejudice. We did not look at it as a denial. We looked at it as this was continuing in the same way. That gets back to my question about do we look at the technicalities of the language or do we look at what was really behind it all? Well, I would like to say it was behind the order. I wish I could cite a case, except I can say that this is very distinguishable. I mean, I think it is. The facts are distinguishable from the authority in terms of how long that went on, that there was a decertification order that the court said appeal it. There was never any sort of, I mean, here it was the court wanted us to do more discovery so she could decide the motion. And then, you know, when she had the more discovery of the motion, then there was a motion to dismiss, and she decided refile that motion with an amended definition. And so in our view, this was all one motion, and that's what makes it distinguishable. There was a litigant, I believe it was Francois perhaps, who still had a live case. Is that correct? Not at that moment. Not in 2013. His live case disappeared, I'm pretty sure, in 2012. I think that at the time all three main plaintiffs who were out of the case had been released. Let me double check that, Your Honor. Francois' case terminated between the denial of the first and the filing of the second, didn't it? Yes, Your Honor. That's right. He was released in August, so it was after the judge made the decision to deny certification without prejudice. Okay. But even so, for us, the Ninth Circuit and Wade v. Kirkland faced a similar situation where a district court had dismissed the case or entered summary judgment, having determined that the plaintiff no longer, although it was denied pending filing of the new motion, where the plaintiff had lost a personal interest, their personal case became moot. And the Ninth Circuit remanded because it considered that improper, given Garrity's investiture of sufficient interest to prosecute class action through at least a meaningful and final determination on class certification by the district court. Looking at it, I assume you would argue to us as more of a continuous proceeding and Lissardi being distinguishable in the merits determination that was made before refiling. Yes, Your Honor. I think that you've put it better than I could. Can you, before we leave this issue entirely, Gail also had a 1995 conviction where there's another conviction that could form the basis for mandatory detention in DIOC. We suggested that this might be a capable of repetition yet evading review exception to mootness. But the 1995 conviction and the end of the sentence predated the effective date of the mandatory detention statute. We could tell from the record that he has some other criminal history. I assume there's nothing you could point us to in his criminal history that gave him exposure for a potential second mandatory detention. Well, I don't think that there was anything prior to this new arrest. That's my understanding. I'll go back and look at it again. But I don't think that there was anything prior. In fact, the prior conviction, because it was before 1996, there had been a decision that he is now eligible for 212C relief from removal because of the change in the law saying that 212C relief is now available to people who actually went to trial and set a plea. And so before this most recent arrest, the plan was that he was going to be applying for 212C. I understand you're trying to determine whether there's some way that he could still be at exposure because of this other conviction. But I guess you could say there's also the complication, which is that that, as you said, does not trigger mandatory detention unless there's a more recent post-1996 arresting conviction. And that's why it's really this current arrest right now, which if it is not dismissed, then there is a real chance that he could be subjected to mandatory detention again. Let's look at the jurisdiction and the scope of that at the time it made its rulings. So let's assume that as of the time of the second motion for class certification and the third, there was no reported class representative that had any live interest. But let's also assume we're willing to view this as one continuous proceeding. Aren't we still left under Garrity and our decisions in Rossetti and Wilkerson with the state of the law being that the district court only had jurisdiction to decide the motion for class certification and not the merits of the many issues that she decided? Yes, Your Honor, definitely. And I think that's what Rossetti says, and it's clear that we think that she had jurisdiction to decide class certification but not the merits. So that to me does not address the question of whether this court now has authority to reach the class certification issue. And then the next issue that you raised, which is whether you have authority to reach the merits, where my response is going to be that depends. If you certify a class, which is what we are going to argue that you should do. Do you want us to certify the class? We want you to certify the class, yes. Does the rule contemplate fact-finding as a several factors involved in the certification motion? Well, I think that that's where. You want us to find facts in support of the fourth? I think here there's really no facts in dispute. The government did not contest numerosity. They didn't even contest, essentially they waived in their briefing before this court. Are there other appellate cases in the courts of appeals that you have found that have, the court has itself made findings with respect to the four factors? Yes, and there's one of the cases, there's one that we alerted you to. I don't know if you got our letter from yesterday that we had, in response to your questions, there were some additional cases that we were going to cite. You didn't receive that? Okay. Well, one of the cases that we wanted to, that we were going to refer you to is Rodriguez v. Hayes, a Ninth Circuit decision, 591F3-1105, and I'll read to you from that decision. In that case, it was a 242F appeal of a denial of class certification. The district court had not made any findings, and let me just quote to you from what the court said in this. Basically, the court said that it was able to evaluate the record because the record was sufficient, and because the district court hadn't made findings, it could evaluate itself and certify a class. And we cite two other cases where- Can I, just speaking for myself, supposing I say we can't do that, what would your position be? Well, I would try to persuade you that you can, but if I can't persuade you that you can, and I have another case that I wanted to refer you to. If we can't do this, I disagree with you. Okay. So if you decide that you can't, then we would say that you should retain jurisdiction, remand to the district court with instructions to certify a class, addressing the errors in the district court's class certification decision, and there's at least two errors that I would like to point out to you. What were those errors? Well, one error was obvious in terms of the last decision where- She said there's no point in certifying the class because you would get- It's a constitutional remedy. You all would get that relief. Right. Well, she said that there's a necessity- You said you don't need certification. Well, yeah. She's wrong about that. This court has said that that's not a basis for denying class certification a necessity requirement. Are you talking about our decision in Garrity or another case? No, no. Just I'm talking about, and we agree sitting here, that, you know, this court has said the necessity requirement is not an issue in deciding class certification. We don't decide. Quite apart from that, it was necessary. It was necessary for her to decide class certification because without deciding class certification, she had no jurisdiction to reach the merits. Quite apart from that, she was wrong when she said that- And the government, I'll be very interested to hear their position. She was wrong when she said that a district court decision was going to hold- You know, a government was going to abide by a district court decision. Their general policy is they don't acquiesce to a district court decision, even on the constitutionality of the statute. They depend on having a circuit court decision. So all of her- And I can give you the authority from the circuit that has rejected the necessity requirement. But there is an old Third Circuit case recognizing the necessity defense. There may be an old Third Circuit case. And I'm trying to find it. Go ahead. No, I don't- So anyway, she was wrong on that. She was wrong, I mean, for any of those three reasons, but just simply because without certifying a class, there's no relief. Okay. Carver v. Bucks is a- Is a case where the court has said that there is? Yeah. The class action determination was within the- The district court- The financial value of its decision would render a judgment in favor of the class unnecessary. This is 479 Fed Second. You know, we have that here, but- I mean, that's the first- We're bound by the earliest decision. Excuse me, Your Honor? We're bound by the earliest- The first panel that rules on an issue, our operating rules require us to abide by that, follow it. Just give me a second. Okay. The district court there also ruled on at least one of the Rule 23 factors as well. Right? I don't believe so.  I didn't read it that way, but- Yeah. Would you like to address that to us in- I'm a little bit from supplemental briefing on why, but I mean, it seems fairly clear to us that the necessity requirement was something that she was reading into there that is not- Certainly since then we've held that necessity doesn't fly. But so you're saying that all your subsequent cases where you said necessity doesn't fly don't hold because of the prior panel? Carver v. Bucks was earlier. Uh-huh. I'm not sure what all the subsequent cases are that you're referring to. But that Garrity decision, which was vacated on other grounds by the Supreme Court, we had some discussion about necessity not being a basis. But that decision was vacated. Okay. In any case, quite apart from that, there are these two other bases for why she's wrong about the necessity. Why don't we just get counsel to both send in a letter brief, perhaps not to exceed five pages. Okay. Within about ten days on this issue of whether necessity is an appropriate consideration in class certification. What I might suggest is that, especially because we've, in response to your questions, and the Resetti case, which we did not address in our briefing, that maybe we do a supplemental briefing on the mootness and class certification issue in general. Because we have put quite a bit of thought into it since then as to why this case wasn't moot, why it's appropriate for the court to issue a class certification decision, and why, if they do, they could reach the merits. So if we could submit a supplemental briefing on that. Those matters were in your briefs. I was mistaken? It's not in your brief? Well, we had not addressed Resetti. Excuse me? Did you not ask this court to make a determination as to certification? Yes, we did. Did you brief? Yes. Well, you don't have to brief that again, then. No, I wasn't going to brief that again, Your Honor. I was requesting an opportunity to respond to Resetti and why we believe that this court has... We're talking about the mootness point and whether this is a continual... Exactly. ...proceeding versus Lustrati-type proceeding. Right. When I was reading this case, I decided we ought to call it Hurricane instead of Gale. Force 5, maybe. I'd like to just address... So there was the first issue of it, but I was just talking about the errors in it. We'd like to move on now. Why don't you just prepare briefs and submit them, not to exceed seven pages. Okay. All right? Let's say within a week. You must know this issue inside out, so I'm sure you can do it very quickly. A couple of questions that are on a slightly different topic. If we were to remand for the court to consider Rule 23 factors, which were not addressed in denial of the third motion for class certification, would you plan to proceed on that third motion for class certification, or given that it seems on the record to have resulted from an order of the district court on merits that I take it you're conceding the district court didn't have jurisdiction to reach, would there be a different operative motion for class certification you would cease to file? Yes, Joanna. We'd want to return to the initial motion for class certification, and that would be class as we had defined it before she narrowed it. That was the second error that I believe that her narrowing of the definition. In part, you're right, she didn't have jurisdiction to reach the merits to begin with. Secondly, she decided the merits wrong. But quite apart from that, this court in Finberg v. Sullivan held that the merits decision is not part of the class certification decision. It doesn't matter what the merits ruling is, and especially if the court is going to be able to have review of plaintiff's claims, you need to certify the class. So she basically narrowed the class. She told us to eliminate a certain part of our class who is raising the claim that they have substantial challenges to removal, not under national affordability. Excuse me? That was the merits issue. It was the merits issue. And you said in your study that she did not have jurisdiction to it. She did not have jurisdiction. That's true. I'm just making an additional point, Your Honor, that even if she had and even if it was a correct ruling, that was not a basis for narrowing the definition of the class. But you're right, you don't have to go there because she didn't have jurisdiction to do it. Given your agreement on that point, do you also agree that we would need to vacate that portion of her opinion that dealt with the merits? I think you would need to. Based on the study, we agree that you would need to vacate all of her merits decisions. I mean, we basically are starting from square one. All right. You can go back for. But the problem is. You would go back for certification. If you're not ready to certify a class, then you would have to go back for certification. Hypothetically speaking, yes, we don't have jurisdiction. I think that's the question. You're going to brief that. But let's say the case goes back and the motion for certification is reopened. And let's say a class is certified. We would ask that when you remand it, two things. One, that you retain jurisdiction and ask that this be done quickly because this case has been going on for more than three years. And we ask that you direct that the class be defined in such a way that it allows for appellate review of all plaintiff's claims. Because otherwise, if she defines the class narrowly to eliminate plaintiff's claims, then there's no way for this court to review it. But you're trying to address the merits of the individual claims once the class is certified. Right. But if the class is certified in a way that eliminates half of our claims, then the court's not going to be able to deal with it. Isn't that what a French re-interlocutory appeal denial of class certification is for? If it's granted and if you have a denial. We didn't have a denial of class certification to appeal when she made that decision. She said, resubmit that motion. She didn't say, I'm denying your motion for class certification. You had the opportunity. Everyone seems to have recognized this. Looking at the transcript on the motion for class certification, at that hearing, counsel for the named plaintiffs acknowledged that there was an issue as to mootness and suggested we may have new named plaintiffs by the time we come back before the court. Having opted not to do that and proceeded with, as you've noted, years of litigation, why should we even remand for what's essentially a second bite at the apple and presumably put in place a plaintiff that had a live interest at that point? Do you have a plaintiff that has a live interest? I think this comes down to the question that we were talking about before, whether this was one motion and one denial or whether there had been a denial of the motion before this. If it's one motion, then it relates back to the filing of that motion and the court has jurisdiction. That's how we viewed it. Otherwise, we do need a new named plaintiff and we could also request permission to intervene a new plaintiff now. Do you, given... Garrity, if I'm not mistaken, says that a litigant has two interests. One interest is in the personal interest and the other one interest is in seeking class certification, which does not expire even though that plaintiff's interests have already been satisfied. In other words, in this case, that person has been released. So you always still have that interest in seeking class certification. I understood that that was your position. That is our position, Your Honor, but it sounds like what's being said here is that maybe that interest didn't survive because this wasn't one motion and it's a motion that was denied and so therefore, under Garrity, the named plaintiffs have to have had a live claim at the time that they filed their motion. We looked at this as one motion. You have to have a live claim when a motion for certification is filed. Exactly, Your Honor. That was the case here, I understand. Yes, and because that's our position and if the court agrees with that, then you do have jurisdiction to decide the class certification motion. Now, I understand you have a separate question as to whether the court of appeals would exercise that jurisdiction or would instead say, no, that's traditionally not what we do, and I understand that that's traditionally not what this court does, but I don't believe that there's any authority that says you can't do it. And when you look at Rossetti, there was no request for class certification. We went back and looked at the brief. They had not briefed class certification to this court. So that was not before the court. That was not an option. Here, there was briefing in the record before the district court. There was briefing before this court. We recognized that class certification was essential, that nothing could happen without class certification. But there was no determination on any of the Rule 23 merits issues. I understand that, and that was why I was pointing you out to the case of Rodriguez v. Hayes, because that was a Ninth Circuit case where, again, the court hadn't done that, and the district court had not done that, and the court of appeals said, we can still make this decision. And I'd like to point you to another case, since you didn't get our letter, I guess, that went out too late yesterday, which is a decision, Comité de Empleo a las Trabajadoras Agricolas. It's 774S3-173. This goes more to the merits issue than class certification, but I think that the reasoning applies here. It basically, the court, this is a case where the district court found that it had no jurisdiction because the claim wasn't right. It involved regulations around H-2B agricultural workers. And then it dismissed the claim without prejudice. On appeal, the court said, we're not going to remand. We find that it is right, and it is appropriate for us to decide the merits in the first instance, as long as there's a sufficiently developed record and these aren't legal issues for which we have plenary review. Let's assume for a moment we're not prepared to take on the analysis of Rule 23 factors in the very first instance. From what you've told us, you would seek on remand, were we to proceed that route, to file a new motion for class certification, that is, you want to proceed on the first, essentially the first motion, not the third motion, which is now the superseding motion and the one that is before us on appeal. In light of that, doesn't that bring the case a lot closer to Lusardi in the need for you, at a minimum, to have a plaintiff with a live interest to file a new operative motion for class certification for consideration by the district court? I guess it still depends, Your Honor, on whether you view this as one motion for class certification. If it was one motion for class certification, if there wasn't a denial that we could have appealed, then all that we're saying is send it back for her to decide that motion. But isn't that motion that it would be sent back for her to decide at this point the third motion for class certification? I think that you could say it was error for her not to have certified the class at the initial hearing when the briefing was all there. It was clear that we satisfied Rule 23. I think there's certainly an argument that it was even an abuse of discretion for her not to do it. But then there was also the error when she directed that the class definition had to be narrowed. That was an error. And so you can reverse that and say that she should be reinstating the initial motion that was filed with the definition that will allow for review of all plaintiff's claims. We should hear the other side, but we'll get you back if we have further questions. Just to get another view. Ms. Stephens? Good morning. My name is Elizabeth Stephens, and I represent the government in this action. It is the government's position, somewhat regrettably, that all three new plaintiff's cases were noted as of August 23, 2013. All three, Mr. Gale was released in March of 2013 on the admittedly erroneous district court decision that conflicted with Sylvain, which came out a few months later. Mr. Sucre was granted adjustment of status in April of 2013. And Mr. Francois was granted release under DIAF. It was Mr. Francois that had the DIAF release, not Mr. Gale. And then about a month later, he was granted cancellation of removal. Doesn't Garrity and Rossetti teach that even though the plaintiff's cases have been moved, so long as there is a pending motion for certification, that aspect of the case may continue? Yes, but I would like to actually address another thing that plaintiffs went into a little bit earlier that might say the whole thing, and that's capable of repetition and yet evading review. And it is the government's position, again, regrettably, that in this case, even though Mr. Gale, Mr. Francois, and Mr. Sucre all may commit crimes in the future that might subject them to, again, removal proceedings because criminal charges are cumulative, just if you've been granted cancellation on one and then you commit another crime that would subject you to removal, that it's cumulative. It doesn't seem like it's relevant to you. I mean, they all had a hearing before they were released, and I assume the determination was made that they were no longer a danger to the public. Well, the capable repetition part of this is that they might indeed face removal charges where they are subject to 360 in the future, but that is so subjective. You take the position that exception does not apply? We're taking it that it does not apply. It does not apply in cases where it is considering will they commit another criminal offense? Yes, that is the government's position. I think there's case law to that effect, too. I'm sorry? I think there's case law to that effect. Yes, there is. The city of Los Angeles versus Lyons, and also Murphy v. Hunt, both in the Supreme Court. Which point is this question was going to, whether you're viewing this as a continuing interest to proceed with successive motions for class certification in light of Garrity and Rizzotti? Does the government agree with Appellant's position that this should be viewed as a continuous proceeding given the basis for denial here, that is, a denial without prejudice, on a very preliminary basis of the district court concluding that she needed additional discovery or then directing the parties to refile a motion as she specified? The government is of two minds in this matter. The government would really believe that the first motion for class certification was dismissed. The subsequent motions for class certification are significantly different enough so that it does not relate back to the action. Very specifically, maybe to the date, I'm looking at May 10. Is that the one that you're talking about now? Yes. Because that motion was dismissed. But it was dismissed without prejudice. May 13, yes. May 10, 2013. I'm sorry, the record that we have, the court entered it on the docket on May 13th. It was filed May 13th. That's the record. It's at page 25 of the Appellate Record. All right. I got to say the motion for class certification is denied without prejudice pending an expanded record and or discovery. Are we talking about the same one? Yes, that's the motion. But we're saying the district court denied it at that time. But as far as relating back, the question in Durati is actually twofold. It relates back to the initial filing of the complaint, which in this case was filed by Mr. Gale personally in May of 2012. And then that was changed to the class action with the first amended complaint in November of 2012 at the same time that the first motion for class certification was filed. But what would there really be for the ability of a federal court to review an appeal where the named plaintiff's claim has become moot in the interim in the district court? It's to be anything other than illusory. Don't we need the district court to proceed beyond a denial without prejudice for development of discovery in the record so that there's actually an analysis of Rule 23 criteria or some other basis for a final denial for us to review? The motion for class certification was significantly briefed and significantly argued. There is also a discussion with the court in the court's decision that is in the transcript as far as what claims are actually being made, why she thinks that there might be a need for further discovery. The government opposed that. We believe that the record was sufficient at that time to make a determination on discovery. But it is what it is to dismiss them without prejudice for further development of the record. Right. So although you feel that the record was complete at that time, the judge made a ruling, and I think we're bound by the judge's decision. The interesting thing is also in May of 2013, the district court dismissed both Gail and Suku, dismissed their individual claims as moot. And that left one. In the exact same order. No, but that still left one.  Mr. Francois. Mr. Francois, yes. So what would this case look like if Francois had been dismissed at that time? With all three named plaintiffs? If all three named plaintiffs had been dismissed at that time, then the government would have moved to dismiss the entire case. I think you're right. So I think there is a significant difference or a point in that there was one plaintiff remaining in the case. Right. But then three months later, Mr. Francois' case was moved. And so why didn't the government move to dismiss at that point or for summary judgment on the basis of mootness? I would believe that the government, and I will take responsibility for this, the government overlooked the mootness issue at the time. And in fact, because there had been a motion for class certification filed, we just assumed that we could go on and even address the merits. And so we were not, we did not look at the body at the time. Can you address for us the necessity ground that was the sole basis for the district court's denial of the third motion for class certification? How could it be that granting of individual relief, whether declaratory or injunctive, as to just a named plaintiff on an individual basis provides anything close to the type of relief or protection class-wide had all the class members been beneficiaries of a declaratory judgment? Or another issue we haven't touched on, 1252F and whether injunctive relief was even available on a class-wide basis here. But particularly in light of 1252F1, where only did the party before the court would be entitled to injunctive relief, isn't that all the more reason for the availability of notice provisions to alert potential class members to their rights and a declaratory relief in hand for those individual class members to invoke those rights and seek injunctive relief if necessary? It would have made class certification different, the relief available different than what was available just for an individual named plaintiff. First and foremost, the government did not appeal the decision regarding the notice issue. I'm so sorry. We did not appeal the decision regarding the notice issue. It was not before this court. Insofar as anything regarding notice, unless we go back and revisit the whole thing, which I'd actually like to address a little bit later because I think our argument clarifies some of the questions of the court. Insofar as class-wide relief, the government has already implemented through discussions with the immigration judges the new burden of proof issue for the immigration judges to hold DHS to during the very preliminary Joseph hearing. The government has already amended the forms that provide notice in conformity with the district court's decision ongoing. It looks like you like the decision of the judges. That's why I said we regrettably think that the case is moot. Is it moot because of the events after her decision or is it moot because there were no named plaintiffs in the case? That goes back to the core issue of whether or not if we go down the Garati rule line of mootness, it's the only exception that might apply here. Do you need named plaintiffs in order for the case to go forward for class certification? At what point, Your Honor? On remand, yes, you would almost have to for the case to go forward beyond class certification. And that's what I wanted to clarify. Should, in Garati, the court mooted very specific and this court mooted setting and then, of course, the case could be moot. Supposing you can't find any named plaintiffs, then the case would be moot. Even though the class action proceeded with proper named plaintiffs? I mean, the case could go on and on and on and on. Eventually, you're going to lose the named plaintiffs. I mean, what you're saying is if the case is appealed and is, in fact, on remand, that's too bad. I think I'm kind of agreeing with you, Your Honor, but I'm still trying to figure out exactly how to. You could never get to the merits of the case. At this point, Your Honor, under Garati, the court of appeals cannot get to the merits of the case. It must remand if it has to decide whether or not it has jurisdiction under an abusive discretion standard to look at the district court's decision on class certification. That's all the court of appeal has jurisdiction to do under Garati. The district court then can also only decide under Garati, can also only decide class certification. The question before the court is whether or not if the district court then certifies a class, they can proceed on any merits where there is no case or controversy of the named plaintiffs because the case or controversy decision has to be whether this individual faces or can benefit from the decision of the court on the merits. And if no named plaintiffs can benefit from the decision on the merits, the case is moot. So you're not disputing that on remand, the district court could proceed to decide with the current named plaintiffs a motion for class certification. And what happens beyond that, you're raising a question, but you don't dispute that the district court with these named plaintiffs could proceed to decide an operative motion for class certification. That's correct, we do not dispute that. Edwin, just to clarify, I think you pronounced it differently, Garati, the Supreme Court case? In any event, I'm sorry, and Ms. Eddy, don't those cases say that a named plaintiff has two interests in the case? One is personal interest and the other one is certification? Even though that plaintiff may be out of the case or may be released from custody, they're still in interest in addressing the merits of the class? Actually, in Garati and in Lizardi, the court specifically said that it's all about the case or controversy thing, that the district court, that this interest that they have in class certification is kind of like an attorney general interest. And therefore, it may be it's an interest in having that issue decided. It's not in proceeding, it's not in having the class certified, it's having the issue of whether the class should be certified decided. Therefore, should this case be remanded to the district court for decision on class certification, there still is a question as to whether or not the district court can proceed if it certifies a class, no matter whether the named plaintiffs can even be adequate representatives at this point, where they have absolutely no potential relief from the decision. Well, certainly adequacy has to be decided as of the time the original denial of class was decided. But then having decided adequacy in that respect, can one turn around and say, unless there is a live plaintiff here, adequacy has disappeared. Unless the plaintiffs can bring in a new warm body, a new plaintiff who fits within the class to say, okay, I am here. Without a live body, there is not adequacy because there is no one with a direct interest who is involved in the litigation. That's my point. Without a live body that has a live case of controversy, there can be no adequacy under Rule 23. Can we go back to the necessity issue? Because another alternative path before the court, I assume you would urge on us, is if we were to agree that necessity alone was the basis for denial and the district court properly found the absence of necessity here, were we to affirm that decision, that would actually be the end of this case in totality. So going back to that necessity issue, isn't there a material difference in the kind of benefits and the scope of the benefits that are available via a class action versus an individual action? You've identified for us or asserted that the government has taken certain steps so that in this case it's not necessary. But you're asking us to hold as a matter of law that necessity alone can be a basis for denial of class certification. And that depends on the assumption of the government's acquiescence with an individual declaratory judgment on some broader basis. Without class certification, we don't even know what the scope of that is. That is, is it the particular district? Is it the state? Is it nationwide? What is the anticipated compliance? That's one of the questions that gets answered when a class is certified. So in view of that, can we really say that necessity alone, just anticipation of a defendant's acquiescence on a universal scale with the individual relief that has been awarded to a plaintiff, can render unnecessary a class action? It's the government's position that a district court always has to determine whether a class action is the preferred method of achieving the ends. There is no right to the certification of a class. It is always the discretion of the district court whether class certification is indeed the proper method of proceeding with the case. The government would admit that in cases where the district court finds a particular statute or process unconstitutional, that that, therefore, goes to that entire statute or process. If the district court finds it unconstitutional, that finding has to, we can't say that, oh, it's just unconstitutional in New Jersey. We would have to proceed overall as if that is unconstitutional. It doesn't happen on a fairly regular basis. I mean, when a single circuit, even at the circuit level, if a court of appeals strikes down as ultra-various or unconstitutional a particular regulation, the government has sometimes taken the position that it may change its practice in that circuit, but it will let the other circuits address the issue and will handle it on an ad hoc basis until there is some consensus or it's taken up by the Supreme Court. There is a difference between a regulation and a statute. So if a court finds a statute unconstitutional, and I'm not going to regulation of appeals, I was going to a specific statute, that would have to be recognized. There's lots of things that actually come from that, whether or not it's necessary to involve Congress in rewriting the statute. That's all part of the process that goes beyond any specific decision on that. So it's more than just a decision. I'm just saying in this case, we supported the decision below on class certification because we believed at the time that the case was, that the orders were indeed, that the court had jurisdiction to enter those orders. What about the issue of notice? By not certifying a class, the district court strips itself of its, at least, permissive ability under 23b-2 to give notice to potential class members about their rights. That actually was, as far as notice to the individual class members about their rights, as far as class membership, that's one thing. That goes back to the form that the court found did not provide sufficient due process and was changed. That form was the form that specifically would give notice to them of their rights here. So there's two different things that we're talking about. There's notice to the class of potential class certification, and then there's specific notice to the class of their rights. So if you're talking about their rights as a punitive class member or as their rights as a class member, that's one thing. Their rights as far as notice, as far as their rights to, their rights during the Joseph hearing, that was taken care of with the form. But at the time the decision on necessity was made, that change to the form hadn't taken place. Yes, it had, Your Honor. Oh, had it? It had. That particular area was all in place after the 2014 decision of the court that specifically addressed the question of removable versus removed, ordered removed. That was the 2014 decision of the court. That decision also addressed the form issue. I'd like to crystallize a point that I think you just touched on recently. In August of 2013, Francois was released from custody, so that's essentially at that point all the class representatives' individual claims were moved. That's correct. There was no wide body, as you would say. Is it your view that at that point the case is done? If one is going to be very liberal, say when this case goes back, there are no live claims, no class representatives that are still in the case. If the case goes back, you still need a live body. I'm wondering, isn't that the case back in August of 2013 when Francois was released from custody? Yes, Your Honor, that was our statement from the very beginning, that the entire case was done at that time because there was no pending motion at the time for class certification. I didn't say that. I think the motion had been dismissed without prejudice, so there was a pending motion. It had not been dismissed with prejudice. If the question of with prejudice or without prejudice deals to pending, then we would agree. We would actually like for there to have been, for it to go back to the initial motion for class certification, but do not feel that the case law actually supports that. The real issue is whether or not GERADI even applies, because if there was no pending class certification motion when everything became moot, GERADI does not apply. Do you think that a dismissal without prejudice terminates the end of the motion for certification? In the government's decision, that may be the end. There is very, very little information out there as to the impact of the granting of the dismissal without prejudice versus with prejudice on whether or not you can relate back to the initial motion. We specifically looked at this and did not find. You suggested earlier that there's not a right to class certification, even assuming, if I understood you correctly, that Rule 23 criteria are met. The Supreme Court in Shady Grove stated under Rule 23 that the language a class action may be maintained does not mean a class action may be permitted, because courts do not maintain actions. Litigants do. The discretion suggested by Rule 23 is discretion residing in the plaintiff. He may bring his claim in a class action if he wishes. Doesn't that language from the Supreme Court suggest that the district courts do not actually have discretion? That is, is it per se abusive discretion to deny class certification if all the Rule 23 criteria, in fact, are met? I would disagree with that reading of that case. The government would posit that the district court always has jurisdiction and it is not, it's not, if somebody moves to certify a class, the district court is not required to certify. Part of the criteria are all satisfied. If 23A is satisfied, they still have to go to 23B, and 23B includes some of the inherent discretion in determining whether or not a class should be certified. The plaintiff always has the right to move for class certification, has the right to appeal a denial of class certification without witness, but it's the district's court discretion as to whether a class should be certified, whether this action is appropriate, whether it fits within the 23B standards. There is always, the government has always argued that in many cases that class certification should not go forward for various and assorted factors that don't have to do with 23A or 23B. We have to really get back to Mr. Benowitz. A short rebuttal. So, you want to finish your last comment so that we can wind up? If I could just get clarification from the court before we go as to what exactly you want us to file a supplemental briefing. It has to do with the necessity issue, if I'm not mistaken. And whether this is an ongoing motion to certify or whether there are three separate motions to certify. Whether the adequacy of the record on the rulings by the district court on the motion to certify are adequate for review by us or because they're not adequate it should not be considered an appealable order and pending the denial of the third motion, it was all one motion wending its way through. Is that? Thank you, Jerry. Thank you, Steve. Ms. Benowitz? As you know, we expanded the record quite a bit to hear this case because it has so many moving parts. I appreciate it, Your Honor. And I appreciate you giving me a rebuttal time since I completely forgot to request it. But I think at this point, unless the court has further questions, we're probably better off devoting ourselves to the briefing that you asked for. And I'm prepared to answer other questions, but otherwise, I think. I appreciate you addressing the last point that I think Ms. Stevens was making, and that is that necessity is not something outside of the rule itself. It's embedded in the consideration of appropriateness in the text of Rule 23 so that there would be a basis for a district court to conclude that Rule 23, at least one criterion, is not satisfied. Do you agree with that? I don't know whether I agree with it or not, Your Honor. I'd need to go back and look at the cases. But what I can say is that even if it is embedded as a requirement, it was necessary here. Why was that? Class certification was necessary because otherwise the court had no jurisdiction to reach the merits. That's one reason. The second reason why it was necessary, and I don't believe that the government addressed this, is because when the district court makes a ruling, whether it's about notice of the constitutionality of a statute, the government consistently holds that it does not have to abide by that ruling in a district court. It's a non-acquiescence. You go to another district court, you get a different ruling. It's not binding until you get circuit court authority. So it simply isn't true. It would have made our life a lot easier in litigating mandatory detention over the years if we could have gotten a district court. We did get district court rulings that struck the statute down as unconstitutional. The government didn't follow those. It didn't follow any of them until we got a circuit court ruling. So the court's assumption that just because the release that she was ordering or her declaration was that the statute was unconstitutional that then the government would abide by it, it simply isn't true. And I don't know how the government was able to put in their brief that this is what they do when they never do it. They do not acquiesce to district court decisions. Okay. To add to that, if this case were to be remanded, if you need a live audience and part of the case. Yes, sir. Thank you all very, very much. It's a very difficult case to get through, as you can see. But arguments are very helpful. And we will release this.